IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERNEST WASHINGTON )
 )
 v. ) NO. 3:14-1336
 )
LT. CHARLON ABERNATHY, et al. )

TO: Honorable Todd J. Campbell, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 2, 2014 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion to dismiss (Docket Entry No. 13), to which the Plaintiff has filed a response in opposition. See Docket Entry No. 18. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The Plaintiff is an inmate currently in the custody of the Davidson County, Tennessee Sheriff's Office ("DCSO") and confined at the Criminal Justice Center ("CJC"). He filed this action

pro se and in forma pauperis on June 23, 2014, seeking "relief" and "10,000" under 42 U.S.C. § 1983. See Complaint (Docket Entry No. 1), at 8-9.[1] Named as defendants are DCSO employees Lt. Charlon Abernathy and Beth Gentry.

The Plaintiff alleges that, on May 30, 2014, he and twelve other inmates were handcuffed, placed in the "program room," and then sent to the "hole" after refusing to re-enter their cells because their repeated complaints about excessive heat in the cells were being ignored by prison officials. Id. at 4-5. The Plaintiff asserts that Defendant Abernathy was responsible for ordering that the inmates be handcuffed and that Defendant Gentry approved of their transfer to segregation. Id. The Plaintiff alleges that he was kept in handcuffs with his hands behind his back for a lengthy period of time without access to drinking water or a toilet, that the heat remains excessive in his segregation cell, and that there is mold in the segregation cell. Id. at 5. He further contends that he was not given a notice or a written statement of evidence and reason for being sent to segregation in violation of CJC policy and his due process rights. Id. at 5-6. The Plaintiff brings a claim against Defendant Abernathy for placing him in handcuffs as a form of punishment and in a manner that was painful, humiliating, and dangerous. Id. at 9. He brings a claim against Defendant Gentry for placing him in segregation in violation of his due process rights and for unconstitutional punishment because of the conditions in the segregation cell. Id.

In lieu of answers, the Defendants have filed the pending motion to dismiss. The Defendants contend that dismissal of the Plaintiff's action is required because he did not fully exhaust his available administrative remedies within the DCSO prior to bringing this action as required by the

---

[1] Although the Plaintiff's complaint was filed on June 23, 2014, he signed it on June 3, 2014, see Docket Entry No. 1, at 8, and he signed his application to proceed in forma pauperis on June 2, 2014. See Docket Entry No. 2, at 2.

2

Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Defendants assert that, although the Plaintiff has filed numerous grievances at the CJC, he failed to file a grievance concerning the events forming the basis for his claims against Defendant Abernathy. The Defendants further assert that, although the Plaintiff did file a grievance about being placed in segregation, he failed to pursue an administrative appeal from that grievance as the DCSO grievance policy allows. In support of their motion, the Defendants submit the Declaration of Tom Davis, the Records Manager for the DCSO (Docket Entry No. 15), and copies of grievance documents from the CJC. See Docket Entry Nos. 15-1 through 15-3.

The Plaintiff filed a brief response contending that: 1) there is a conflict of interest because counsel for the Defendants in this action also represent defendants in another civil rights action he filed; 2) other grievances the Plaintiff filed in the past have "come up missing" or went unanswered; 3) the grievance system at the DCSO is flawed because inmates are not able to keep a copy of the grievances they file; and 4) the issue of exhaustion does not have anything to do with his allegations that he was mistreated. See Docket Entry No. 18.

## II. STANDARD OF REVIEW

Although the Defendants fail to provide a procedural basis for their motion to dismiss, they refer to the standard of review applicable to a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, see Docket Entry No. 14, at 2-3, which requires that the factual allegations supplied by the Plaintiff, when taken as true, must be enough to show a plausible right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To the extent that the Defendants' reference to this standard implies that the Plaintiff was required to set out in his complaint that he had fully exhausted his administrative remedies, any such implication is erroneous. In Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007), the Supreme Court specifically held that prison inmates are not required to specifically plead or demonstrate exhaustion in their complaints.

Given that the Defendants rely on matters that are outside the pleadings, the proper vehicle for their motion would have been a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Frees v. Duby, 2010 WL 4923535, *3 (W.D. Mich. Nov. 29, 2010) (collecting cases). However, because the Court shall not exclude these outside matters, the Defendants' motion shall be converted to a motion for summary judgment in accordance with Rule 12(d). See Song v. City of Elyria, Ohio, 985 F.2d 840, 842 (6th Cir.1993).[2]

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon,

---

[2] This Report and Recommendation and the fourteen day period within which objections may be filed provides the Plaintiff with notice of conversion of the Defendants' motion to one for summary judgment under Rule 12(d) and provides him with the opportunity to present material that is pertinent to the issue of exhaustion raised by the Defendants.

245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001). However, once the moving party has presented evidence sufficient to support its motion, the nonmoving party must come forward with evidence to support his claims. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). See also Napier v. Laurel Cnty., Ky., 636 F.3d 218, 225-26 (6th Cir. 2011) (requiring prisoner plaintiff to set forth evidence to show that he has complied with the requirements of exhaustion when challenged upon a properly supported motion for summary judgment).

### III. ANALYSIS

The Court finds that this action should be dismissed because the Plaintiff's claims have not been properly exhausted. The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The exhaustion requirement of the PLRA is mandatory. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

Once the affirmative defense of failure to exhaust is raised and supported, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier, 636 F.3d at 225-26. To establish that he has exhausted his administrative remedies, the

Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Davidson County Sheriff's Office Policy No. 1-3.540 sets out a grievance system available to DCSO inmates and provides that an inmate who is not satisfied with the decision on his grievance may file an appeal. See Declaration of Davis (Docket Entry No. 15). The DCSO's record of grievances that have been filed by the Plaintiff shows that he is well aware of the grievance procedure at the DCSO, having lodged approximately 123 grievances, including grievance appeals, from November 2013, through July 2014. See Docket Entry No. 15-3. The grievance records do not show that the Plaintiff filed any type of grievance about being handcuffed and mistreated by Defendant Abernathy or about the conditions of confinement in his segregation cell. Id. Additionally, the grievance records indicate that, although the Plaintiff filed a grievance that was received on June 9, 2014, complaining about being held in segregation without being given a disciplinary write-up, he failed to appeal this grievance once the grievance was found to be unsustained. Id. at 3.

It is the Plaintiff's burden to rebut the Defendants' supporting evidence that shows his failure to exhaust. See Napier, supra. His response in opposition to the Defendants' motion fails to satisfy this burden and fails to show that he met the PLRA's exhaustion requirement prior to filing his lawsuit. First, the response is simply an unsworn statement that cannot be considered as evidence in his favor. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Harris v. J.B. Robinson Jewelers, 627 F.3d 235, 239 n.1 (6th Cir. 2010); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968-69 (6th Cir. 1991). Second, the Plaintiff's response fails

to offer any basis 1) excusing his failure to file a grievance concerning the alleged wrongdoings of Defendant Abernathy or the conditions in his segregation cell, and 2) excusing his failure to file an administrative appeal of his unsustained grievance about his continued placement in segregation. Further, as noted supra at n.1, the Plaintiff signed his Complaint on June 3, 2014. Because the grievance he filed concerning his placement in segregation was not even answered until June 18, 2014, see Docket Entry No. 15-3, at 3, he undisputedly filed this lawsuit prior to allowing the grievance process to be completed. The PLRA requires the full round of available remedies to be exhausted before an inmate files his lawsuit, Cox v. Mayer, 332 F.3d 422, 425 (6th Cir. 2003), and an inmate is not permitted to abandon the grievance process prior to filing his lawsuit. Hartsfield, 199 F.3d at 309.

The Plaintiff's complaints about other grievances that were missing or unanswered and his general dissatisfaction with the DCSO grievance process do not negate the requirement that this action be dismissed because of his failure to exhaust available remedies. It is well-settled that there is no futility exception to the exhaustion requirement, and the Plaintiff is not relieved from the requirement of full exhaustion because of what may have occurred with respect to other grievances or because he subjectively believed that it was pointless to file a grievance. Booth, 532 U.S. at 741 n.6; Napier, 636 F.3d at 222; Boyd v. Corrections Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). The Plaintiff's assertion of a "conflict of interest" on the part of the Defendants' counsel is completely irrelevant to the issue of exhaustion.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Defendants' motion to dismiss (Docket Entry No. 13) be GRANTED and this action be DISMISSED WITHOUT PREJUDICE in accordance with 42 U.S.C. § 1997e(a).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge